**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| MICHAEL PAGE,<br><br>    Petitioner,<br><br>v.<br><br>W.L. MONTGOMERY, Warden,<br><br>    Respondent. | No. CV 17-4063-DDP (PLA)<br><br>**ORDER TO SHOW CAUSE RE: DISMISSAL OF HABEAS PETITION AS SUCCESSIVE AND/OR AS BARRED BY THE EXPIRATION OF THE STATUTE OF LIMITATIONS** |

Michael Page ("petitioner") initiated this action on May 31, 2017, by filing a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 ("2017 Petition" or "2017 Pet."). The 2017 Petition challenges his December 22, 1997, conviction in the Los Angeles County Superior Court, case number SA029041, for second degree robbery (Cal. Penal Code § 211). (2017 Pet. at 2).

The Court observes that on April 3, 2002, petitioner filed an earlier habeas petition in this Court, in case number CV 02-2733-DDP (RZ) ("CV 02-2733"), also challenging his 1997 conviction ("2002 Petition"). The 2002 Petition was dismissed with prejudice as time barred, pursuant to the Judgment entered on December 27, 2002. (Case No. CV 02-2733, ECF Nos. 18, 22). On May 29, 2003, the District Judge granted petitioner's request for a certificate of appealability with respect to petitioner's claim that he is entitled to equitable tolling of the statute of limitations.

(Case No. CV 02-2733, ECF No. 25). On November 9, 2004, the Ninth Circuit affirmed the Judgment. (Case No. CV 02-2733, ECF No. 30). On March 3, 2011, petitioner filed a Motion for Relief from Judgment (Case No. CV 02-2733, ECF No. 32) that was denied by the District Judge on August 30, 2011. (Case No. CV 02-2733, ECF No. 33).

**A.  SECOND OR SUCCESSIVE PETITIONS**

A federal habeas petition is successive if it raises claims that were or could have been adjudicated on the merits in a previous petition. Cooper v. Calderon, 274 F.3d 1270, 1273 (9th Cir. 2001) (per curiam). The AEDPA provides that a claim presented in a second or successive federal habeas petition that was not presented in a prior petition shall be dismissed unless:

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2)(A), (B).

Furthermore, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

Petitioner's 2002 Petition raised the following grounds for relief: (1) ineffective assistance of counsel; and (2) abuse of discretion. (See 2017 Pet. at 7). As mentioned above, that action was dismissed with prejudice as time barred. In the 2017 Petition, petitioner raises the following claims: (1) the trial court incorrectly imposed California's Three Strikes law on petitioner; (2) the trial court failed to prove petitioner's prior strikes beyond a reasonable doubt; and (3) trial counsel rendered ineffective assistance during the sentencing phase. (2017 Pet. at 5-6).

| | |
|---|---|
| 1 | A habeas petition that has been dismissed for failure to comply with the statute of limitations |
| 2 | "renders subsequent petitions second or successive for purposes of the AEDPA." McNabb v. |
| 3 | Yates, 576 F.3d 1028, 1030 (9th Cir. 2009) (contrasting Slack v. McDaniel, 529 U.S. 473, 485-86, |
| 4 | 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000), which held that a prior petition dismissed without |
| 5 | prejudice for failure to exhaust state remedies leaves open the possibility for future litigation); see |
| 6 | also Henderson v. Lampert, 396 F.3d 1049, 1053 (9th Cir. 2005) (a dismissal of a first petition with |
| 7 | prejudice because of a procedural default constitutes a disposition on the merits and renders a |
| 8 | subsequent petition second or successive for purposes of 28 U.S.C. § 2244(b)). |
| 9 | Accordingly, because the 2002 Petition was dismissed with prejudice as time barred, and |
| 10 | the 2017 Petition raises claims that were or could have been adjudicated on the merits in a |
| 11 | previous petition, the 2017 Petition is considered to be a successive application. Even if |
| 12 | petitioner's claims in the 2017 Petition satisfied the AEDPA standards for filing a successive |
| 13 | petition -- which they do not appear to do -- **he nevertheless is required to seek authorization** |
| 14 | **from the Ninth Circuit before filing a successive petition**. 28 U.S.C. § 2244(b)(3)(A). Here, |
| 15 | there is no indication that petitioner has obtained such permission from the Ninth Circuit. See |
| 16 | Burton v. Stewart, 549 U.S. 147, 153, 127 S. Ct. 793, 166 L. Ed. 2d 628 (2007) (AEDPA requires |
| 17 | petitioner to receive authorization from the Court of Appeals before filing a second habeas |
| 18 | petition). It therefore appears that the Court is without jurisdiction to entertain the 2017 Petition |
| 19 | under 28 U.S.C. § 2244(b). See id.; Cooper, 274 F.3d at 1274 ("'When the AEDPA is in play, the |
| 20 | district court may not, in the absence of proper authorization from the court of appeals, consider |
| 21 | a second or successive habeas application.'"). |
| 22 | Accordingly, it appears that dismissal of the Petition as successive is appropriate. |
| 23 | / |
| 24 | / |
| 25 | / |
| 26 | / |
| 27 | |
| 28 | |

**B.     STATUTE OF LIMITATIONS**

The 2017 Petition is subject to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") one-year statute of limitations period, as set forth under 28 U.S.C. § 2244(d). See Calderon v. U.S. Dist. Ct. (Beeler), 128 F.3d 1283, 1286 (9th Cir. 1997).[1] In most cases, the limitation period begins to run from "the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

As found by the District Judge in case number CV 02-2733, and as affirmed by the Ninth Circuit on appeal, petitioner's conviction became final, at the latest, on December 24, 2000, sixty days after petitioner's October 25, 2000, re-sentencing by the trial court. (See Case No. CV 02-2733, ECF Nos. 17 at 2-4, 30). Petitioner filed the instant Petition on May 31, 2017. (ECF No. 1). On its face, therefore, it appears that the 2017 Petition, as was true of the 2002 Petition, is barred by the statute of limitations.

**C.     CONCLUSION**

Based on the foregoing, petitioner is **ordered to show cause** (1) why the instant Petition should not be dismissed as successive; and (2) why the instant Petition should not be dismissed as time barred.

Specifically, **no later than July 3, 2017,** petitioner must submit to the Court the following: (1) documentation showing that, pursuant to 28 U.S.C. § 2244(b)(3)(A), he properly filed a motion in the Ninth Circuit for an order authorizing the district court to consider a successive petition, **and that the Ninth Circuit issued such an order**; and (2) a response making clear his arguments, if any, as to why the 2017 Petition should not be dismissed as time barred. All facts relied upon by petitioner must be proved by testimony contained in a declaration signed under penalty of perjury pursuant to 28 U.S.C. § 1746, or in properly authenticated documents.

---

[1] Beeler was overruled on other grounds in Calderon v. U.S. Dist. Ct. (Kelly), 163 F.3d 530, 540 (9th Cir. 1998) (en banc).

4

**Failure to respond by July 3, 2017, will result in the instant Petition being summarily dismissed with prejudice as successive and/or as barred by the statute of limitations.**[2]

DATED: June 1, 2017

*Paul L. Abrams*
PAUL L. ABRAMS
UNITED STATES MAGISTRATE JUDGE

---

[2] In the event that petitioner has not complied with 28 U.S.C. § 2244(b)(3)(A), and he does not provide documentation showing that he is not required to first receive Ninth Circuit authorization before filing a successive petition, he is advised that if he wishes to make a successive habeas application, he must file a "Motion for Order Authorizing District Court to Consider Second or Successive Petition Pursuant to 28 U.S.C. § 2244(b)(3)(A)" **directly with the Ninth Circuit**. Until the Ninth Circuit issues such an order, any direct or implied request for a second or successive petition for writ of habeas corpus is barred by § 2244(b) and must be dismissed **without prejudice** to petitioner's right to seek authorization from the Ninth Circuit to file the petition.