UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

|  |  |
|---|---|
| MICHAEL PAGE,<br><br>    Petitioner,<br><br>v.<br><br>W.L. MONTGOMERY, Warden,<br><br>    Respondent. | No. CV 17-4063-DDP (PLA)<br><br>**ORDER DISMISSING PETITION AS SUCCESSIVE AND/OR AS BARRED BY THE EXPIRATION OF THE STATUTE OF LIMITATIONS AND/OR FOR FAILURE TO PROSECUTE AND FOLLOW COURT ORDERS** |

**I.**

**BACKGROUND AND DISCUSSION**

Michael Page ("petitioner") initiated this action on May 31, 2017, by filing a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 ("2017 Petition" or "2017 Pet."). The 2017 Petition challenges his December 22, 1997, conviction in the Los Angeles County Superior Court, case number SA029041, for second degree robbery (Cal. Penal Code § 211). (2017 Pet. at 2).

The Court observes that on April 3, 2002, petitioner filed an earlier habeas petition in this Court, in case number CV 02-2733-DDP (RZ) ("CV 02-2733"), also challenging his 1997 conviction ("2002 Petition"). The 2002 Petition was dismissed with prejudice as time barred, pursuant to the Judgment entered on December 27, 2002. (Case No. CV 02-2733, ECF Nos. 18,

22). On May 29, 2003, the Court granted petitioner's request for a certificate of appealability with respect to petitioner's claim that he was entitled to equitable tolling of the statute of limitations. (Case No. CV 02-2733, ECF No. 25). On November 9, 2004, the Ninth Circuit affirmed the Judgment. (Case No. CV 02-2733, ECF No. 30). On March 3, 2011, petitioner filed a Motion for Relief from Judgment (Case No. CV 02-2733, ECF No. 32) that was denied by the Court on August 30, 2011. (Case No. CV 02-2733, ECF No. 33).

On June 1, 2017, after reviewing the 2017 Petition, the Magistrate Judge ordered petitioner to show cause on or before July 3, 2017, why the 2017 Petition should not be summarily dismissed (1) as successive, and/or (2) as time barred. (ECF No. 3 at 4). The Magistrate Judge further advised petitioner that failure to timely file a response to the June 1, 2017, Order to Show Cause "**will result in the instant Petition being summarily dismissed with prejudice as successive and/or as barred by the statute of limitations**." (ECF No. 3 at 5).

As of the date of this Order, petitioner has not filed a response to the June 1, 2017, Order to Show Cause, and the time to do so has expired.

**A.      SECOND OR SUCCESSIVE PETITIONS**

A federal habeas petition is successive if it raises claims that were or could have been adjudicated on the merits in a previous petition. Cooper v. Calderon, 274 F.3d 1270, 1273 (9th Cir. 2001) (per curiam). The AEDPA provides that a claim presented in a second or successive federal habeas petition that was not presented in a prior petition shall be dismissed unless:

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2)(A), (B).

Furthermore, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

Petitioner's 2002 Petition raised the following grounds for relief: (1) ineffective assistance of counsel; and (2) abuse of discretion. (See 2017 Pet. at 7). As mentioned above, that action was dismissed with prejudice as time barred. In the 2017 Petition, petitioner raises the following claims: (1) the trial court incorrectly imposed California's Three Strikes law on petitioner; (2) the trial court failed to prove petitioner's prior strikes beyond a reasonable doubt; and (3) trial counsel rendered ineffective assistance during the sentencing phase. (2017 Pet. at 5-6).

A habeas petition that has been dismissed for failure to comply with the statute of limitations "renders subsequent petitions second or successive for purposes of the AEDPA." McNabb v. Yates, 576 F.3d 1028, 1030 (9th Cir. 2009) (contrasting Slack v. McDaniel, 529 U.S. 473, 485-86, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000), which held that a prior petition dismissed without prejudice for failure to exhaust state remedies leaves open the possibility for future litigation); see also Henderson v. Lampert, 396 F.3d 1049, 1053 (9th Cir. 2005) (a dismissal of a first petition with prejudice because of a procedural default constitutes a disposition on the merits and renders a subsequent petition second or successive for purposes of 28 U.S.C. § 2244(b)).

Accordingly, because the 2002 Petition was dismissed with prejudice as time barred, and the 2017 Petition raises claims that were or could have been adjudicated on the merits in a previous petition, the 2017 Petition is considered to be a successive application. Even if petitioner's claims in the 2017 Petition satisfied the AEDPA standards for filing a successive petition -- which they do not appear to do -- **he nevertheless is required to seek authorization from the Ninth Circuit before filing a successive petition**. 28 U.S.C. § 2244(b)(3)(A). Here, there is no indication that petitioner has obtained such permission from the Ninth Circuit. See Burton v. Stewart, 549 U.S. 147, 153, 127 S. Ct. 793, 166 L. Ed. 2d 628 (2007) (AEDPA requires petitioner to receive authorization from the Court of Appeals before filing a second habeas petition). It therefore appears that the Court is without jurisdiction to entertain the 2017 Petition

under 28 U.S.C. § 2244(b). See id.; Cooper, 274 F.3d at 1274 ("'When the AEDPA is in play, the district court may not, in the absence of proper authorization from the court of appeals, consider a second or successive habeas application.'").

Accordingly, dismissal of the 2017 Petition as successive is appropriate.

**B.  STATUTE OF LIMITATIONS**

The 2017 Petition is subject to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") one-year statute of limitations period, as set forth under 28 U.S.C. § 2244(d). See Calderon v. U.S. Dist. Ct. (Beeler), 128 F.3d 1283, 1286 (9th Cir. 1997).[1]  In most cases, the limitation period begins to run from "the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

As found by the Court in case number CV 02-2733, and as affirmed by the Ninth Circuit on appeal, petitioner's conviction became final, at the latest, on December 24, 2000, sixty days after petitioner's October 25, 2000, re-sentencing by the trial court. (See Case No. CV 02-2733, ECF Nos. 17 at 2-4, 30). Petitioner filed the 2017 Petition on May 31, 2017. (ECF No. 1). On its face, therefore, the 2017 Petition, as was true of the 2002 Petition, is barred by the statute of limitations.

**C.  FAILURE TO PROSECUTE AND TO FOLLOW COURT ORDERS**

It is well established that a district court has authority to dismiss a petitioner's action because of his or her failure to prosecute or to comply with court orders. See Fed. R. Civ. P. 41(b); Link v. Wabash R.R. Co., 370 U.S. 626, 629-30, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962) (holding that a court's authority to dismiss for lack of prosecution is necessary to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the district

---

[1]  Beeler was overruled on other grounds in Calderon v. U.S. Dist. Ct. (Kelly), 163 F.3d 530, 540 (9th Cir. 1998) (en banc).

4

courts); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) (holding that a district court may dismiss an action for failure to comply with any order of the court).

In determining whether to dismiss this action due to petitioner's failure to prosecute or to comply with court orders, the Court must consider the following five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits[;] and (5) the availability of less drastic sanctions." Carey v. King, 856 F.2d 1439, 1440 (9th Cir. 1988) (per curiam) (citation and internal quotation marks omitted); see also In re Eisen, 31 F.3d 1447, 1451 (9th Cir. 1994) (failure to prosecute); Ferdik, 963 F.2d at 1260-61 (failure to comply with court orders).

The first two factors -- the public's interest in expeditious resolution of litigation and the Court's need to manage its docket -- weigh in favor of dismissal. Petitioner's failure to respond to the Magistrate Judge's June 1, 2017, Order to Show Cause hinders the Court's ability to move this case toward disposition and indicates that petitioner does not intend to litigate this action diligently.

The third factor -- prejudice to respondents -- also weighs in favor of dismissal. A rebuttable presumption of prejudice to respondents arises when a petitioner unreasonably delays prosecution of an action. Eisen, 31 F.3d at 1452-53. Nothing suggests that such a presumption is unwarranted in this case.

The fourth factor -- public policy in favor of deciding cases on their merits -- weighs against dismissal. However, as the Magistrate Judge informed petitioner, the Court lacks jurisdiction to entertain the 2017 Petition because the 2017 Petition is successive and/or time barred. Moreover, it is petitioner's responsibility to move his case toward a disposition at a reasonable pace and to avoid dilatory and evasive tactics. See Morris v. Morgan Stanley Co., 942 F.2d 648, 652 (9th Cir. 1991). By failing to respond to the June 1, 2017, Order to Show Cause as ordered by the Magistrate Judge, petitioner has not discharged this responsibility. In these circumstances, the public policy favoring resolution of disputes on the merits does not outweigh petitioner's failure to comply with court orders.

The fifth factor -- availability of less drastic sanctions -- weighs in favor of dismissal. The Magistrate Judge first attempted to avoid dismissal when it issued its June 1, 2017, Order to Show Cause, giving petitioner an opportunity to show why this action should not be dismissed as successive

and/or as time barred. Nonetheless, as of the date of this Order, petitioner has failed to respond as required by the Magistrate Judge's June 1, 2017, Order to Show Cause.

Taking all of the above factors into account, dismissal for failure to prosecute and to follow court orders also is appropriate. Such a dismissal, however, should not be entered unless petitioner has been notified that dismissal is imminent. See W. Coast Theater Corp. v. City of Portland, 897 F.2d 1519, 1523 (9th Cir. 1990). In this case, petitioner was cautioned about the possibility of dismissal in the Magistrate Judge's June 1, 2017, Order.

## II.
## CONCLUSION

IT IS THEREFORE ORDERED that this action is **dismissed without prejudice** as successive, as time barred, for failure to prosecute, and/or for failure to follow court orders.

DATED: September 22, 2017

_____
HONORABLE DEAN D. PREGERSON
SENIOR UNITED STATES DISTRICT JUDGE